

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JOHN S. MILLER d/b/a
CHESAPEAKE CORE SUPPLY,

      Plaintiff,

   v.                                  ACTION NO: 2:11cv67

GREAT AMERICAN INSURANCE CO.,

      Defendant.

## MEMORANDUM OPINION AND FINAL ORDER

This matter comes before the court on the Motion for Summary Judgment and accompanying Memorandum in Support ("Motion for Summary Judgment"), and the "Motion to Supplement the Record and Rule on Summary Judgment" ("Motion to Supplement"), filed by the Defendant, Great American Insurance Company ("Great American"), on March 18, 2013, and September 12, 2014, respectively. ECF Nos. 37, 38, and 56. The Plaintiff, John S. Miller, filed his Memorandum in Opposition to the Motion for Summary Judgment on March 29, 2013, ECF No. 42, and the Defendant filed its Reply on April 1, 2013. ECF No. 43.[1] The

---

[1] On April 15, 2011, Great American filed a Motion to Stay the proceedings in this case to allow for the resolution of a criminal action against the Plaintiff in the Circuit Court for the City of Chesapeake for attempting to obtain money by false pretense, in violation of Virginia Code §§ 18.2-26 and 18.2-178. ECF No. 11. By Order of May 5, 2011, the court granted the stay. ECF No. 17. On February 22, 2013, the court lifted the stay

Plaintiff did not file a Response to the Defendant's Motion to Supplement, and the time to do so has expired. As such, the Motion for Summary Judgment and Motion to Supplement are now ripe for review. For the reasons set forth below, the Defendant's Motion for Summary Judgment and Motion to Supplement are **GRANTED**.

## I. Factual and Procedural History

### A. Factual History[2]

The Plaintiff operated a sole proprietorship trading as Chesapeake Core Supply (the "Business"), which was located at 1751 West Road in Chesapeake, Virginia. Compl. ¶¶ 5, 7, ECF No. 1. Chesapeake Core Supply was in the business of buying and selling auto parts and scrap metals. Id. ¶ 6. The Plaintiff maintained an insurance policy (the "Policy") issued by Great American, which provided coverage for damage to the Business, consisting of a commercial office building and a warehouse, and

_____

after the conclusion of the Plaintiff's criminal proceedings, in which he was found guilty. ECF No. 36. On March 29, 2013, the Plaintiff filed a Motion to Reinstitute the Stay pending resolution of his appeal of his state court criminal conviction. ECF No. 40. The court granted the Motion to Reinstitute the Stay on April 19, 2013. ECF No. 47. On February 18, 2014, the Plaintiff advised the court that his appeal was denied by the Court of Appeals of Virginia, ECF No. 52, and on August 21, 2014, the Plaintiff advised the court that his appeal was denied by the Supreme Court of Virginia. ECF No. 55. Accordingly, the court **LIFTS** the stay issued in the Order of April 19, 2013.

[2] The facts presented are undisputed except as noted.

to the Business personal property, such coverage having a liability limit of $484,000 for the building, and $106,101 for the Business personal property. Id. Ex. A. Loss of property through fire is a loss covered by the Policy. Id. ¶ 10. As part of the standard coverage provisions, the Policy included a "Concealment, Misrepresentation, or Fraud" provision under the "General Conditions" section. Id. Ex. A.[3]

On February 12, 2009, during the Policy period, the Business caught fire, physically damaging both the commercial office building and its contents, which included Business personal property. Id. ¶ 8. On April 1, 2009, the Plaintiff filed a sworn statement of Proof of Loss with Great American, in which he stated the total amount of loss as $157,026, which consisted of $121,146 in damages to the building structure and $35,880 in damages to the Business personal property. Id. Ex. B. The Plaintiff's Business personal property claim included damage to a Dyson vacuum cleaner, valued at $500, and damage to twenty-five (25) airbags, valued at a total of $4800. See Mem. Supp. Mot. Summ. J. Ex. 5. The Proof of Loss Form included the following statement: "Applicable in Virginia- it is a crime to knowingly provide false, incomplete or misleading information to an insurance company for the purpose of defrauding the company. Penalties include imprisonment, fines and denial of insurance

_____

[3] See infra at 5 for the text of this provision.

benefits." Compl. Ex. B.[4]

Upon the request of Great American, on September 14, 2009, the Plaintiff was examined under oath regarding the losses he sustained from the fire. Mem. Supp. Mot. Summ. J. ¶ 13. During this first examination, the Plaintiff advised Great American of an increase in the amount of loss based on a new estimate for the repair of the building. Id. ¶ 16. The new loss amount was documented as $170,462. Id. The Plaintiff was again examined under oath on April 14, 2010, regarding the losses he suffered from the fire. Id. ¶ 18. At this point, the Plaintiff had not received any payment from Great American for the losses associated with the fire, despite his numerous efforts to collect payment. Id. ¶ 21.

## B. Procedural History

On February 4, 2011, the Plaintiff filed a Complaint in this court alleging that Great American breached its insurance contract with the Plaintiff when it refused to pay him, in accordance with the Policy for the losses associated with the fire. The Complaint further alleged that the Plaintiff repeatedly requested payment under the Policy in advance of filing the Complaint. Compl. ¶ 21. The Plaintiff also sought the

---

[4] The monetary amount of the fraud vis à vis the total monetary amount of the claim is not the dispositive issue. The fraud, itself, in making any part of the claim, is the issue. In other words, a claim of "just a little fraud" is not a defense or counter-argument. See infra Part III.

4

"award of attorney's fees and costs incurred as a result of Great American's bad faith, as provided in Virginia Code § 32.8-209." Id. ¶ 26.

Great American, in its Answer to the Complaint, filed on March 9, 2011, denied that the Plaintiff had sufficiently supported his claimed losses under the Policy, and asserted as one of its affirmative defenses that the Plaintiff:

> gave false testimony during his Examinations Under Oath regarding, among other things, items in the claim that were not damaged in the fire, the disposition of certain items that were claimed, [Miller's] ownership of duplicates of items that were claimed, and by inflating the value of allegedly fire damaged items in the claim.

Answer ¶ 30. Great American argued that this false testimony breached the Policy's "General Conditions" pertaining to the "Concealment, Misrepresentation or Fraud" provision, which states:

> This Coverage Part is void in any case of fraud by you as it relates to this Coverage Part at any time. It is also void if you or any other Insured, intentionally conceal or misrepresent a material fact concerning: (1) this Coverage Part; (2) the Covered Property; (3) your interest in the Covered Property; or (4) a claim under this Coverage Part.

Id. ¶ 29; Compl. Ex. A (emphasis added).[5]

---

[5] This provision is basically the same as the standard "false swearing" provision required for fire insurance policies issued in Virginia, as provided in Virginia Code § 38.2-2105, which states:
> Concealment, fraud: This entire policy shall be void, if whether before or after a loss, the insured has willfully concealed or misrepresented any material

Sometime in October 2009, the Commonwealth of Virginia instituted an insurance fraud investigation of the Plaintiff's claim under the Policy. The investigation yielded the recovery from the Plaintiff's home of some of the items he listed on the inventory submitted as part of his insurance claim. Mem. Supp. Mot. Summ. J. at 2. As a result, the Commonwealth of Virginia commenced a criminal action against the Plaintiff for attempting to obtain money by false pretense, in violation of Virginia Code §§ 18.2-26 and 18.2-178. The Plaintiff was subsequently indicted by a grand jury in the Circuit Court for the City of Chesapeake on February 1, 2011. Id. at 3-4.

Thereafter, on April 15, 2011, Great American moved to stay the civil proceedings in this court, pending the resolution of the criminal action against the Plaintiff in the Circuit Court for the City of Chesapeake.[6] The court accordingly granted the request to stay the civil proceedings, and required Great American to update the court periodically regarding the status of the criminal proceedings. Order, May 5, 2011, ECF No. 17; see also Order, Sept. 12, 2011, ECF No. 19.

On February 15, 2013, after a bench trial in the Circuit

---

> fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in the case of any fraud or false swearing by the insured relating thereto.

Va. Code § 38.2-2105.

[6] See supra note 1.

Court for the City of Chesapeake, the Plaintiff was found guilty of the felony of attempting to obtain money by false pretense in violation of Virginia Code §§ 18.2-26 and 18.2-178, based on a fraudulent insurance claim that he submitted regarding damage and losses associated with a Dyson vacuum cleaner and a number of airbags. See Mem. Supp. Mot. Summ. J. at 4-8; Mem. Opp'n Mot. Summ. J. at 2. On February 22, 2013, the court lifted the stay. ECF No. 36.

On March 18, 2013, Great American filed the instant Motion for Summary Judgment and accompanying Memorandum in Support. On March 20, 2013, the Plaintiff filed a notice of appeal with the Court of Appeals of Virginia appealing his state court criminal conviction. Def.'s Mot. & Mem. Suppl. R. Ex. 1 at 1, ECF No. 56. On March 29, 2013, the Plaintiff responded to the Defendant's Motion for Summary Judgment. ECF No. 42. On that same day, the Plaintiff filed a Motion to Reinstitute Stay pending the resolution of his appeal with the Court of Appeals of Virginia. Great American replied to the Plaintiff's Response in Opposition to Summary Judgment on April 1, 2013. ECF No. 43. On April 9, 2013, Great American responded to the Plaintiff's Motion to Reinstitute Stay, and the Plaintiff replied on April 15, 2013. The court reissued the stay by Order of April 19, 2013, and required the Plaintiff to update the court periodically regarding the status of the criminal proceedings.

ECF No. 47.

On October 16, 2013, the Court of Appeals of Virginia found the Plaintiff's argument meritless and denied his petition for appeal. Def.'s Mot. Mem. Suppl. R. Ex. 1 at 1; see also Status Report, ECF No. 52. On July 16, 2014, the Supreme Court of Virginia denied the Plaintiff's appeal. See Def.'s Mot. Mem. Suppl. R. Ex. 2 at 1; see also Status Report, ECF No. 55. In response to the Status Reports, ECF Nos. 52 and 55, Great American filed a "Motion to Supplement the Record and Rule on Summary Judgment" ("Motion to Supplement"), on September 12, 2014. ECF No. 56. To date, the Plaintiff has not filed any additional briefings, including briefings addressing the denial of his appeal by the Court of Appeals of Virginia and by the Supreme Court of Virginia, thereby making his criminal conviction final.

## II. Standard of Review

Summary judgment under Federal Rule of Civil Procedure ("FRCP") 56 is appropriate when the court, viewing the record as a whole and in the light most favorable to the nonmoving party, finds that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986). "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the

matter but to determine whether there is a genuine issue for trial." Id. at 249. A court should grant summary judgment if the nonmoving party, after adequate time for discovery, has failed to establish the existence of an essential element of that party's case, on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In essence, the nonmovant must present "evidence on which the [trier of fact] could reasonably find" for the nonmoving party. Anderson, 477 U.S. at 252.

To defeat a motion for summary judgment, the nonmoving party must go beyond the facts alleged in the pleadings, and rely instead on affidavits, depositions, or other evidence to show a genuine issue for trial. See Celotex, 477 U.S. at 324; see also M & M Med. Supplies & Serv., Inc. v. Pleasant Valley Hosp., Inc., 981 F.2d 160, 163 (4th Cir. 1993) ("A motion for summary judgment may not be defeated by evidence that is 'merely colorable' or 'is not sufficiently probative.'") (quoting Anderson, 477 U.S. at 249-50). Conclusory statements, without specific evidentiary support, do not suffice, Causey v. Balog, 162 F.3d 795, 802 (4th Cir. 1998), nor does "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position." Anderson, 477 U.S. at 252. Rather, "there must be evidence on which the jury could reasonably find for the plaintiff." Id.

9

## III. Applicable Law

In a diversity suit, this court must apply the substantive law and the choice of law rules of the forum state, which in this case is Virginia. Builders Mut. Ins. Co. v. Dragas Mgmt. Corp., 709 F. Supp. 2d 432, 436 (E.D. Va. 2010) (citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496-97 (1941)). Because the instant action is characterized as a breach of contract claim, Virginia choice of law requires the law of the place where the contract was made to govern the effect of the contract. See id. ("Virginia insurance law applies 'the law of the place where an insurance contract is written and delivered.'") (quoting Buchanan v. Doe, 246 Va. 67, 70, 431 S.E.2d 289 (1993)); see also John Deere Constr. Equip. Co. v. Wright Equip. Co., Inc., 118 F. Supp. 2d 689, 692 (W.D. Va. 2000) (citing Fuisz v. Selective Ins. Co. of Am., 61 F.3d 238, 241 (4th Cir. 1995); Ryder Truck Rental, Inc. v. UTF Carriers, Inc., 790 F. Supp. 637, 641 (W.D. Va. 1992). Therefore, this court will apply Virginia law to the breach of contract claim.[7]

In Virginia, an insurer can avoid its obligations under a policy for either fraud or false swearing by the insured. See, e.g., Utica Mut. Ins. Co. v. Presgraves, No. CIV.A. 5:01-CV-00015, 2002 WL 1162602, at *8 (W.D. Va. May 28, 2002) (a

---

[7] The parties do not dispute that Virginia law applies to the instant action.

violation of the fraud provision of a fire insurance policy results in a forfeiture of rights to recover under the policy); see also Globe & Rutgers Fire Ins. Co., v. Stallard, 68 F.2d 237, 240 (4th Cir. 1934) (setting forth the long-standing rule in Virginia on inapposite facts); Virginia Fire & Marine Ins. Co. v. Hogue, 105 Va. 355, 54 S.E. 8, 13 (1906) (moral fraud, which the court defined as "the corrupt motive or dishonest purpose in making a representation," renders a policy of insurance void).

## IV. Analysis

The Defendant advances one argument in support of its Motion for Summary Judgment. The Defendant alleges that the Plaintiff breached the "Concealment, Misrepresentation or Fraud" provision of the Policy,[8] when the Plaintiff submitted a fraudulent claim under the Policy, which in effect voids coverage under the Policy. See Mem. Supp. Mot. Summ. J. at 1. Additionally, the Defendant states that the Plaintiff's criminal conviction in the Circuit Court for the City of Chesapeake collaterally estops the Plaintiff from disputing that he committed insurance fraud against the Defendant, and that aside from the actual conviction, the evidence in the record establishes the Plaintiff's fraud. See id. at 10-12.

---

[8] See supra note 5 and accompanying text for Great American's policy provision, and the applicable Virginia Code section.

11

At a threshold level, the court must determine the collateral estoppel effect in the instant federal action of the criminal conviction for fraud in state court. While there is recognition "that the parties in a criminal proceeding are not the same as those in a civil proceeding and there is a consequent lack of mutuality," Smith v. New Dixie Lines, Inc., 201 Va. 466, 472, 111 S.E.2d 434, 438 (1959) (rule of mutuality), "an exception to the requirement of mutuality arises when a plaintiff attempts to recover for a harm that is the direct result of his or her own criminal conduct, and the dispositive issue in the civil action is the precise issue that the criminal conviction addressed." Godbolt v. Brawley, 250 Va. 467, 471, 463 S.E.2d 657, 660 (1995) (setting forth controlling principle, but on inapposite facts to case at bar);[9] accord Kane v. Hargis, 987 F.2d 1005, 1008 (4th Cir. 1993) (criminal conviction for resisting arrest does not collaterally estop a civil action to recover for another wrong); Eagle, Star & British Dominions Ins. Co. v. Heller, 149 Va. 82, 111-12, 140 S.E. 314, 323 (1927) (plaintiff prevented from avoiding the legal effect of criminal conviction for arson by collateral attacking its admissibility in subsequent civil action for damages from fire). Thus, where the insured is originally

---

[9] Effect of Godbolt and factual differences to case at bar are discussed infra at 15-16.

convicted in another court for fraud, this court may consider that criminal conviction for purposes of establishing fraud in the later civil case, if the insured seeks to recover insurance proceeds from the fraud of which he was convicted.

In the instant case, the Plaintiff was convicted in the Circuit Court for the City of Chesapeake for attempting to obtain money under false pretense, in violation of Virginia Code §§ 18.2-26 and 18.2-178, for filing a fraudulent insurance claim regarding the losses he sustained after his Business caught fire. The Plaintiff appealed his conviction to the Court of Appeals of Virginia and the Supreme Court of Virginia. The Court of Appeals of Virginia denied his appeal on October 16, 2013, stating that his argument was meritless, wherein he argued that the evidence was insufficient to support his conviction. The Supreme Court of Virginia also denied his appeal on July 16, 2014. This conviction is now final. See Conn. Gen. Life Ins. Co. v. Riner, 351 F. Supp. 2d 492, 498 (W.D. Va. 2005) (stating that "once the Virginia Supreme Court resolves a defendant's petition for writ of error . . . that defendant 'stands fully convicted under Virginia law'") (quoting Prudential Ins. Co. of Am. v. Tull, 532 F. Supp. 341, 342-43 (E.D. Va. 1981)).

The Plaintiff claims that this court cannot consider his criminal conviction for purposes of denying his breach of

contract claim because (1) the conviction is not a conviction for the act that caused his loss; and (2) the conviction does not establish his intent to deceive and defraud the Defendant. See Mem. Opp'n Summ. J. at 5-8. The Plaintiff's contentions are factually and/or legally incorrect under the undisputed record in this case before this court.

In the case of Eagle, Star, the court held that an arsonist's criminal conviction was admissible in a subsequent recovery for damages from the insurer because the arsonist was attempting to collect proceeds from the very fire he caused. 149 Va. at 112, 140 S.E. at 323. The court reasoned that the "plaintiff should not be permitted to reopen the question and avoid the legal effect of the judgment of a conviction by a collateral attack upon it." Id. 149 Va. at 100, 140 S.E. at 319. This reasoning is also applicable here.

The Plaintiff in the instant case engaged in an attempt to defraud the Defendant by submitting a fraudulent insurance claim after his Business caught fire. Thus, he sought to collect proceeds from the very fraudulent claim that he submitted. Subsequently, the Plaintiff was convicted in state court for the fraud. First, the conviction for this felony beyond a reasonable doubt necessarily proves that the Plaintiff breached the "Concealment, Misrepresentation or Fraud" provision of the

14

Policy.[10] Moreover, the fire, which led the Plaintiff to file an insurance claim, is not the direct cause of his inability to collect insurance proceeds; his attempt to defraud the Defendant in filing the claim is. As such, the court may consider his state court conviction for purposes of establishing the Plaintiff's breach of the "Concealment, Misrepresentation or Fraud" provision, which renders the Policy void, and bars the Plaintiff from recovering for the losses sustained by the fire. The Plaintiff may not avoid the legal effect of his criminal conviction in the instant action.

In Godbolt, upon which the Plaintiff relies, the court held that a plaintiff's criminal conviction of intentional assault was not the direct cause of his injury, and was inadmissible in the civil action where the plaintiff sought to recover damages from the defendant's use of deadly force when defending against that intentional assault. See Godbolt, 250 Va. at 472, 463 S.E.2d at 660. The Court reasoned that although the plaintiff may have intentionally engaged in the assaultive behavior, he did not engage in the use of deadly force and did not consent to its use. Id. The direct cause of the injury for which the plaintiff sought damages was the defendant's use of deadly force. Id.

---

[10] See supra note 5 and accompanying text for the applicable policy provision.

15

While the legal principle in <u>Godbolt</u> applies to the instant case, the case at bar is factually distinguishable. It is this undisputed factual distinction that makes the outcome different here. The plaintiff in <u>Godbolt</u> sought to recover from the defendant's wrong, and thus the direct cause of damages was the defendant's use of deadly force, and not the plaintiff's wrongdoing. In the instant case, as discussed above, the Plaintiff is seeking to recover from his own wrongdoing--the submission of a fraudulent insurance claim, the effect of which resulted in a state court felony conviction. Therefore, the Plaintiff's reliance on <u>Godbolt</u> is misplaced.

Finally, the element of fraudulent intent in the instant action was necessarily proven by the Plaintiff's criminal conviction for fraud, which, for the reasons stated above, the court may consider. Thus, any question of fraudulent intent in this civil matter is eliminated by the Plaintiff's criminal conviction. Accordingly, there is no issue of intent to resolve, and summary judgment is proper. <u>See</u> <u>Anderson</u>, 477 U.S. at 248-50. The elements of the claim or defense have already been established for purposes of this civil action by the prior criminal conviction. <u>See</u> <u>Conn. Gen. Life Ins. Co.</u>, 351 F. Supp. 2d at 498 ("Holding a civil trial to resolve an already answered question would be an unnecessary expenditure of judicial resources.").

16

## IV. Conclusion

For the reasons discussed above, the Defendant's Motion to Supplement the Record and Rule on Summary Judgment is **GRANTED**, as is the Defendant's Motion for Summary Judgment.

The Clerk is **DIRECTED** to forward a copy of this Memorandum Opinion and Final Order to counsel for all parties and to enter judgment for the Defendant.

IT IS SO ORDERED.

/s/
Rebecca Beach Smith
Chief
United States District Judge

REBECCA BEACH SMITH
CHIEF UNITED STATES DISTRICT JUDGE

November 10 , 2014